RECEIVED
IN LAKE CHARLES, LA

JUN 12 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| JOSEPH SYLVESTER CARMOUCHE AND ANGELA CARMOUCHE | : | DOCKET NO. 2:04 CV 2397 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| W.G. YATES AND SONS CONSTRUCTION | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

The defendant, W.G. Yates and Sons Construction Company ("Yates") has filed a Motion Reasserting their previous Motion for Summary Judgment [doc.29]. The plaintiff has filed an opposition to this motion and the defendant filed a reply.

Facts

This suit arises from an accident which occurred at the Delta Downs Racetrack the morning of October 31, 2003. Joseph Sylvester Carmouche ("Carmouche"), a jockey, was mounted on a horse near the starting gate on the track. He alleges in his complaint that an employee of the defendant created "disturbances and noises" in the area, spooking his horse and causing the horse to flip on top of him. He alleges that Yates, through its employee or subcontractors[1], was performing construction work at the racetrack on the date and at the time of the alleged accident.

The deposition of Joseph Carmouche was taken on December 22, 2004, and in that deposition he gave more details about the accident. He at first testified that the equipment which made the noise that spooked his horse was a "big 18-wheeler." When questioned further,

---

[1] The plaintiff asserts that Yates is vicariously liable for the negligence of its employees/subcontractors.

Carmouche said that he was actually talking about a "dump truck." He said that when the driver of the truck approached the area and hit his brakes, the air brakes on the truck made a loud noise which spooked his horse.[2] Carmouche did not see any name on the truck and he could not identify the owner or operator. Carmouche admitted that he was generally unfamiliar with the various construction projects going on at the Delta Downs site.[3]

## Summary Judgment Standard

Summary judgment is appropriate when the movant is able to demonstrate that the pleadings, affidavits, and other evidence available to the Court establish that there are no genuine issues of material fact, and that the moving party is entitled to summary judgment as a matter of law. Fed.R.Civ.P. 56(c); See *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. 2548, 2552-54, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986); and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-88, 106 S.Ct. 1348, 1355-57, 89 L.Ed.2d 538 (1986). When the nonmoving party has the burden of proof on an issue, the movant must state the basis for the motion and identify those portions of the pleadings, depositions, admissions, answers to interrogatories, together with affidavits, that demonstrate the absence of a genuine issue of material fact.[4] *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2553; *Topalian v. Ehrman*, 954 F.2d 1125, 1131-32 (5th Cir.1992), cert. denied,

---

[2]  Carmouche deposition, pp. 26-30.

[3]  Carmouche depo. pp. 50-52.

[4] FN1. A "material" fact is one that might affect the outcome of the suit under the applicable substantive law. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. In order for a dispute to be "genuine," the evidence before the Court must be such that a reasonable jury could return a verdict for the nonmoving party. *Id.*, see also, *Judwin Properties, Inc. v. United States Fire Ins. Co.*, 973 F.2d 432, 435 (5th Cir.1992).

506 U.S. 825, 113 S.Ct. 82, 121 L.Ed.2d 46 (1992). A mere conclusory statement that the other side has no evidence is not enough to satisfy a movant's burden. See *Celotex*, 477 U.S. at 328, 106 S.Ct. at 2555.

Once the movant has shown the absence of material factual issues, the party opposing summary judgment has a duty to respond, via affidavits or other means, asserting specific facts demonstrating that there is a genuine issue for trial. Fed.R.Civ.P. 56(e); *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514; *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. This court must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Eastman Kodak v. Image Technical Services*, 504 U.S. 451, 456-58, 112 S.Ct. 2072, 2077, 119 L.Ed.2d 265 (1992); *Matsushita*, 475 U.S. at 587, 106 S.Ct. at 1356. However, a party opposing summary judgment may not rest on mere conclusory allegations or denials in his pleadings. Fed.R.Civ.P. 56(e); see also *Topalian*, 954 F.2d at 1131.

## Law and Analysis

It is uncontested that Yates had a contract with the owner of Delta Downs, Boyd Gaming Corporation, to do construction work at the site at the time of the accident. In the original Motion for Summary Judgment, Yates argued that all of the work being done pursuant to the contract was done by subcontractors and employees of those subcontractors. Yates also argued that Yates did not own, lease or operate any dump trucks or other heavy trucks or equipment on the morning of the accident and that no employee of Yates was operating a dump truck, or any other piece of heavy equipment, in the vicinity of the starting gate.[5] The court found that the Motion for Summary Judgment was premature because it did not address the issue of liability for the work of Yates's

---

[5] Affidavit of Tim Frazier; Affidavit of Joe Benoit.

3

subcontractors and gave Yates leave to file again after more discovery had been conducted.

In support of this renewed motion, Yates has attached the depositions of Tim Frazier, the Project Superintendent for Yates, the corporate deposition of R.E. Heidt Construction Company, a subcontractor, and hospital records.

Frazier's deposition establishes that three subcontractors of Yates were working at Delta Downs on the date of the accident: Civil Construction Company, IMC and R.E. Heidt Consturction Company.[6] Of these three companies, only one, R.E. Heidt would have had any reason to use a dump truck in the vicinity of the accident.[7] Frazier testified that there were many other companies that had no relationship to Yates working at Delta Downs on the date of the accident. Some of those companies would have used dump trucks.[8]

The testimony of Courtney Fenet, vice-president of R.E. Heidt Construction Company, established the procedures and the time-line required for drivers who were loading asphalt for the job at Delta Downs. The R.E. Heidt yard is 24 miles from Delta Downs. The first Heidt truck loaded at 8:23 a.m. at the Heidt yard the morning of the accident. The driver would not have left the yard immediately for Delta Downs and could not have possibly arrived before 9:00 a.m.[9] The plaintiff alleges that his accident occurred at 8:15 a.m. There is no evidence that Heidt had any dump trucks at Delta Downs at 8:15 a.m. the morning of the alleged accident.

The West Calcasieu Cameron Hospital records show that the ambulance crew was advised

---

[6] Frazier depo. pp. 10-11.

[7] Frazier depo. pp. 11-14, 16.

[8] Frazier depo. pp. 17-19.

[9] Fenet depo.

4

of the accident at 8:30 a.m. and that the plaintiff was picked up and entered triage at West Cal-Cam Hospital at 8:50 a.m. Yates argues that the evidence shows that it would have been impossible for an R.E. Heidt truck to have played a role in the accident. No truck owned or operated by R.E. Heidt was at Delta Downs at 8:15 a.m. the morning of the accident. No other subcontractor of Yates had a dump truck at Delta Downs on that date.

Yates has shown the absence of material factual issues. Yates has introduced evidence that it had no trucks at Delta Downs at the time of the alleged accident. The plaintiffs have not adduced any evidence contrary to this assertion.[10]

Yates addresses the court's concern from the original motion for summary judgment and establishes that Yates did not control the method or means by which the subcontractors did their work.[11] Louisiana law is clear that a party is not liable for the torts of its subcontractor unless that party retains the right to control the manner in which the contractor performs his work.[12]

Yates has established that there is no genuine issue of material fact. Yates, nor any of its subcontractors, had a dump truck at Delta Downs at the time of the alleged accident. Accordingly,

---

[10] The plaintiffs offer the deposition testimony of Charles Sonnier. Sonnier testified that Yates had been advised not to have any trucks near the track between 6:00 a.m. and 10:00 a.m. because the noise of the trucks spooked the horses. Yates does not contest this fact, but argues that this testimony is not relevant and does not establish a genuine issue of material fact.

[11] Frazier depo. pp. 20-21.

[12] *See Mack v. CDI Contractors, Inc.* 757 So.2d 93 (La. App. 5 Cir. 2000).

summary judgment will be granted.

Lake Charles, Louisiana, this 12 day of June, 2006.

/s/ Patricia Minaldi<br>
PATRICIA MINALDI<br>
UNITED STATES DISTRICT JUDGE